UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 99-50032-BC
        Honorable Thomas L. Ludington

YACOUB ALYATEEM KHURY,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE PLEA OF GUILTY AND GRANTING GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION TO SET ASIDE PLEA OF GUILTY

    Defendant Yacoub Alyateem Khury was sentenced to four years probation by Judge Paul V. Gadola in 1999 after pleading guilty to one-count of trafficking in food stamps. Defendant understood from his attorney at the time that the offense was a misdemeanor and would not affect his immigration status. His attorney was later disbarred for an unrelated incident and Defendant subsequently learned that the attorney's advice was wrong. The conviction apparently does affect his immigration status. Now represented by new counsel, Defendant has filed a motion [Dkt. # 34] pursuant to 28 U.S.C. § 2255 to set aside his guilty plea, contending his earlier counsel was ineffective. On June 22, 2010, the Court ordered the government to file a response. [Dkt. # 35]. On July 22, 2010, the government filed a response entitled "motion to dismiss Defendant's motion to set aside plea of guilty." [Dkt. # 36].

    The government's response emphasizes that § 2255, by its own terms, provides relief only to "prisoner[s] in custody" pursuant to a federal sentence. As five members of the Supreme Court concluded in *Heflin v. United States*, "§ 2255 is available only to attack a sentence under which a prisoner is in custody. That is what the statute says. That is what the legislative history shows.

That is what federal courts, faced almost daily with the statute's application, have unanimously held." 358 U.S. 415, 420 (Stewart, J., concurring). Defendant is not in custody. Indeed, he was discharged from probation more than eight years ago. Accordingly, while there may be an available avenue for defendant to seek relief, *see* U.S. Const. art. II, § 2; 28 C.F.R. § 1.1–.11, the Court is without jurisdiction to grant relief under § 2255.

Accordingly, it is **ORDERED** that the Defendant's motion to set aside plea of guilty [Dkt. # 34] is **DENIED**.

It is further **ORDERED** that the government's motion to dismiss Defendant's motion to set aside plea of guilty [Dkt. # 36] is **GRANTED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 29, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS

---