UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                                            Case No. 99-50032-BC

v.                                      Honorable Thomas L. Ludington

YACOUB ALYATEEM KHURY,

                Defendant.

_____ /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO SET ASIDE GUILTY PLEA**

      Defendant Yacoub Alyateem Khury was sentenced to four years probation by Judge Paul V. Gadola in 1999 after pleading guilty to one-count of trafficking in food stamps, a felony under federal law. Defendant contends that his attorney at the time assured him the offense was a misdemeanor and that the conviction would not affect his immigration status. Defendant is a citizen of Honduras, and not the United States. Defendant later learned that the attorney's advice was wrong. The conviction apparently does affect his immigration status. Now represented by new counsel, Defendant filed a second motion [Dkt. # 38] to set aside his guilty plea on September 16, 2010, contending that the attorney who advised him that the conviction would not effect his immigration status was ineffective. The government filed a response to the motion on December 13, 2010.

      Defendant' first motion to set aside his guilty plea, which relied on 28 U.S.C. § 2255, was dismissed for lack of jurisdiction. [Dkt. # 37]. The current motion relies on the All Writs Act, which provides that the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

4:99-cr-50032-PVG   Doc # 48   Filed 03/08/11   Pg 2 of 4   Pg ID 89

principles of law." 28 U.S.C. § 1651(a). In *United States v. Morgan*, 346 U.S. 502, 506–07 (1954), the Supreme Court concluded that a writ of *coram nobis* may, in extraordinary circumstances, be available under the All Writs Act.

> The writ of *coram nobis* was available at common law to correct errors of fact. It was allowed without limitation of time for facts that affect the 'validity and regularity' of the judgment, and was used in both civil and criminal cases. While the occasions for its use were infrequent, no one doubts its availability at common law. *Coram nobis* has had a continuous although limited use also in our states.

*Id.* In *United States v. Denedo*, 129 S. Ct. 2213 (2009), a decision regarding the jurisdiction of an Article I military court to issue a writ of *coram nobis*, the Supreme Court held that the writ may be available to vacate a conviction pursuant to a guilty plea where the plea was entered after receiving incorrect advice from counsel about the plea's effect on the Defendant's immigration status. The Court emphasized that Article III courts, like this Court, "have jurisdiction to entertain *coram nobis* petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect." *Id.* at 2224.

Assuming this Court has jurisdiction to grant relief under the All Writs Act, Defendant's motion still must be denied because he has not demonstrated that a factual error in the initial judgment merits relief. Even if his attorney provided erroneous advice about the gravity of his offense, the Honorable Paul V. Gadola emphasized at the plea hearing that Defendant was pleading guilty to a felony that would likely impact his immigration status. Sentencing Tr.; [Dkt. # 44]. At the hearing, Judge Gadola confirmed that Defendant was able to speak and understand the English Language, *id.* at 6, verified that defendant was competent to enter a plea, and confirmed the factual basis for the plea. *Id.* at 7–12. Judge Gadola also ensured that Defendant understood he could spend up to five years in prison and pay a $250,000 fine for pleading guilty to the charged offense. *Id.* at

-2-

12–13.  The following exchange then took place:

      THE COURT: Are you a citizen of the United States of America?

      DEFENDANT KHURY: No.

      THE COURT: You're not. You're a citizen of what country?

      DEFENDANT KHURY: Honduras.

      THE COURT: Honduras.

      DEFENDANT KHURY: Central America.

      THE COURT: Honduras?

      DEFENDANT KHURY: Yes.

      THE COURT: Okay. Now, do you understand that on your conviction in this matter, you could be – that could result in your being deported from the United States?  Do you understand that, sir?

      DEFENDANT KHURY: Yes, sir.

      THE COURT: And if that should happen, that is, if you were ordered to be deported from the United States as a result of a conviction in this case, then you could be denied the right to come back into the United States.  Do you understand that?

      DEFENDANT KHURY: Yes, Your Honor.

      THE COURT: And you also could be denied receiving United States citizenship. Do you understand that?

      DEFENDANT KHURY: Yes, Your Honor.

*Id.* at 15–16.

      Judge Gadola confirmed at the plea hearing that Defendant understood that the plea could subject him to deportation and that the charged offense was a felony.  Thus, there is no factual error in the earlier judgment that would justify the extraordinary remedy of *coram nobis*.

Accordingly, it is **ORDERED** that Defendant's motion to set aside his guilty plea [Dkt. #

38] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 8, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on March 8, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS